**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MISSION PHARMACAL COMPANY

                        Plaintiff,

        -against-

MAINPOINTE PHARMACEUTICALS,
LLC,

                    Defendant.

---

Case No: 1:22-cv-04226-DLC

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE
ORDER

DENISE L. COTE, United States District Judge:

WHEREAS, all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic, competitively sensitive, and confidential material that they may need to disclose during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under applicable legal principles, to confidential treatment; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

NOW, THEREFORE, IT IS HEREBY ORDERED that any person or entity subject to this Protective Order—including without limitation the Parties to this action (including their respective subsidiaries, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons and entities with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.     Counsel for any Party producing or disclosing documents (the "Producing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client

in information that is proprietary, a trade secret or otherwise sensitive non-public information. With respect to the Confidential portion of any discovery material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.    A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition transcript has been received, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of a deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential, but such designation shall not preclude either Party from using all or portions of the deposition transcript in filings in the above-captioned case, provided the Party follows the Court's procedures for protecting confidential information.

      4.    In the event a Party challenges another Party's designation of confidentiality, counsel for each Party shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of the Confidential Information.

      5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

      6. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

            a.      The Parties to this action and their counsel, including in-house counsel;

            b.      Employees of such counsel assigned to and necessary to assist in the litigation;

c.      The Court, including any appellate court, and the court reporters and support personnel for same;

d.      As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

e.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed an agreement to be bound by this Protective Order in the form attached as Exhibit A hereto;

f.      Any witness who counsel for a Party in good faith believes (i) may be called to testify at trial or deposition in this action, or (ii) should be provided access to the document for purposes of assisting counsel in preparation of the case for trial, provided such person has first executed an agreement to be bound by this Protective Order in the form attached as Exhibit A hereto; and

g.      Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed an agreement to be bound by this Protective Order in the form attached as Exhibit A hereto.

h.      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

i.      stenographers engaged to transcribe depositions the Parties conduct in this action.

7.      Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 6(e), 6(f), or 6(g), counsel must:

a.      Inform the person of the confidential nature of the information or documents;

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.      Require each such person to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A hereto.

8.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

9.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing Party

may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims and nothing herein shall constitute a waiver of legal rights and/or defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

10.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or any other form of information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.     Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' respective counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13.     Nothing herein shall preclude any Party from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, or other compulsory process, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, if permitted to do so, and if permitted by the time allowed under the request, at least 10 days before any disclosures. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

SO STIPULATED AND AGREED:

_/s/ John A. Tucker_
On behalf of:

Mission Pharmacal Company

Dated:
August 12, 2022

_/s/ Lesley Reardon_
On behalf of:

MainPointe Pharmaceuticals, LLC

Dated:
August 12, 2022

So ordered.
Denise Cote
8/15/22

4

SO ORDERED:

Dated:
    New York, New York        _____
                                  DENISE L. COTE, UNITED STATES DISTRICT JUDGE

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the litigation entitled "*Mission Pharmacal Company v. MainPointe Pharmaceuticals, LLC*" have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Protective Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the subject litigation.


Signature: _____
Print Name:


DATED: _____


Signed in the presence of:

Signature: _____


_____
(Print Attorney Name)